# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHEREE TURNAGE,
                    Appellant,

          v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
PH-0752-13-0679-I-1

DATE: July 8, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sheree Turnage, Landover, Maryland, pro se.

Alan G. Kaufman, Alexandria, Virginia, for the agency.

Dolores Francis, Fort Meade, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On July 13, 2013, the appellant filed an appeal of the agency's decision to remove her from her position as an Administrative Support Specialist. Initial Appeal File (IAF), Tab 1 at 13-19. In December 2013, the parties agreed to participate in mediation, and the case was suspended.[2] IAF, Tabs 37-38. On October 29, 2014, mediation was terminated, and the case was returned to the administrative judge for further adjudication. IAF, Tab 46.

On November 3, 2014, the administrative judge issued an order directing the parties to appear for a telephonic status conference on November 13, 2014. IAF, Tab 47. After the appellant failed to appear for the status conference or return the administrative judge's telephone calls, the administrative judge issued a show cause order directing the appellant to file, by November 20, 2014, argument and evidence establishing good cause for her failure to comply with the order. IAF, Tab 49. The administrative judge also ordered the appellant to

---

[2] The appellant was initially represented by counsel; however, her counsel withdrew from representation after experiencing difficulties contacting the appellant during mediation. IAF, Tabs 15, 41‑42.

appear for a telephonic status conference on November 21, 2014. *Id.* The administrative judge warned the appellant that failure to comply with Board orders may result in dismissal of her appeal for failure to prosecute. *Id.*

¶4    The appellant again failed to appear for the rescheduled status conference, and, on November 21, 2014, the administrative judge issued a second show cause order affording the appellant until November 28, 2014, to file argument and evidence showing good cause for her failure to comply with Board orders. IAF, Tab 50.  The administrative judge warned the appellant that, absent good cause, failure to respond would result in dismissal for failure to prosecute. *Id.* The appellant did not respond, and, on December 4, 2014, the administrative judge dismissed the appeal for failure to prosecute. IAF, Tab 51, Initial Decision (ID).

¶5    The appellant has filed a petition for review in which she asserts that she was unable to timely respond to the administrative judge's orders because, among other things, she experienced problems with her mail. Petition for Review (PFR) File, Tab 1 at 1, Tab 2 at 8-9.[3]  The agency has not filed a response to the appellant's petition.[4]

---

[3] The appellant's petition was untimely filed on December 31, 2015, almost 1 year after the January 8, 2015 filing deadline.  IAF, Tab 51; PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e).  However, in light of our disposition in this appeal, we need not determine whether the appellant has established good cause for the untimely filing of her petition for review as a result of her alleged failure to receive the initial decision until December 18, 2015.  PFR File, Tab 1 at 1, Tab 2 at 3-5.  The appellant also has filed two supplements to her petition, which we have considered.  PFR File, Tabs 2−3.

[4] On March 16, 2016, the Clerk of the Board denied the agency's motion for an extension of time to file a response because it was filed after the due date for the agency's response.  PFR File, Tabs 6−7; *see* 5 C.F.R § 1201.114(f).  Although the Clerk of the Board also referred the agency representative to 5 C.F.R. § 1201.114(g), the Board's regulation concerning late filings, PFR File, Tab 7, the agency has not filed any further pleadings.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6  The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶7  On review, the appellant appears to contend that she did not receive the administrative judge's status conference or show cause orders due to mail problems. PFR File, Tab 2 at 8-9. With her petition, she includes a copy of a letter she faxed to the administrative judge on May 15, 2015,[5] approximately 5 months after the initial decision was issued, in which she notified the administrative judge that she had not heard from or received any mail regarding her appeal, possibly because she had a renter who also had access to her mailbox. *Id.* In her letter, the appellant also asserted that she did not have an internet connection; she lost her job in January 2015; she experienced financial problems; and she has serial health problems. *Id.*

¶8  The record reflects that the status conference order and the two show cause orders were all mailed to the appellant at her address of record. IAF, Tabs 1, 47, 49−50. The appellant does not contend that this address was incorrect or that she had selected to be served via a method other than by U.S. mail. The Board has held that service on an appellant at the last address of record is proper. *See*

---

[5] The letter was originally dated May 15, 2014, but the appellant appears to have corrected the date to May 15, 2015, which is consistent with the Board's records. PFR File, Tab 3 at 8.

*D'Aquin v. Office of Personnel Management*, 65 M.S.P.R. 499, 503 (1994) (finding that the appellant was given proper notice and responsible for responding to an acknowledgment order where it was mailed to her at her address of record); *Graham v. U.S. Postal Service*, 32 M.S.P.R. 572, 574 (1987) (finding that the appellant's failure to respond to an order was not excused because he did not inform the regional office of his new address); *Zdeb v. Office of Personnel Management*, 28 M.S.P.R. 409, 410 (1985) (finding that the fact that the appellant was on an extended trip and was unable to have mail forwarded to him did not establish good cause), *aff'd*, 790 F.2d 90 (Fed. Cir. 1986).

¶9　　　　Moreover, an appellant is responsible for ensuring she is in receipt of her mail or has arranged for the timely forwarding of her mail. *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 12 (2007) (stating that an appellant is responsible for notifying the Board of any address change and for ensuring the timely forwarding of his mail); *Johnson v. Department of the Navy*, 73 M.S.P.R. 431, 433 (1997) (finding that an appellant's incarceration did not relieve him of his responsibility to ensure that he received or maintained access to his mail). Thus, we find the appellant's alleged mail problems do not establish good cause for her failure to comply with the administrative judge's orders.

¶10　　　　We also find that the appellant's general assertions that she did not have an internet connection, lost her job on January 6, 2015, experienced financial problems, and has health problems, fail to explain why she could not respond to the administrative judge's orders served via U.S. mail to her address of record. PFR File, Tab 1 at 1, Tab 2 at 8-9. Further, the appellant does not dispute that the administrative judge called her on November 13, 2014, and left her a message regarding her participation in the status conference. She fails to explain, however, why she did not return the administrative judge's telephone call. Thus, under these circumstances, we find that the appellant has not shown good cause for her failure to comply with the administrative judge's orders and that she failed to exercise due diligence and ordinary prudence in the proceedings below.

¶11     Accordingly, we affirm the initial decision dismissing the appeal for failure to prosecute.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court.

*See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.